UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPH A. BARKER, REGIONAL DIRECTOR OF REGION 13 OF THE NATIONAL LABOR RELATIONS BOARD, FOR AND ON BEHALF OF THE NATIONAL LABOR RELATIONS BOARD<br>　　　　　　　Petitioner<br>　v.<br>REGAL HEALTH AND REHAB CENTER, INC.<br>　　　　　　　Respondent | Civil No. 08CV2229<br><br>Judge Grady<br><br>Magistrate Judge Cole |

**BRIEF IN SUPPORT OF MOTION TO TRY PETITION FOR PRELIMINARY INJUNCTION UNDER SECTION 10(J) OF THE NATIONAL LABOR RELATIONS ACT ON BASIS OF THE ADMINISTRATIVE LAW JUDGE'S HEARING TRANSCRIPT, TO FILE PETITIONER'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION, AND FOR ORAL ARGUMENT**

Determination of this Section 10(j) matter based on the transcript and exhibits from the administrative proceeding will avoid the delay inherent in scheduling and conducting a full evidentiary hearing, avoid duplicative litigation, facilitate a speedy decision, and conserve the time and resources of the Court and the parties. Such procedure fully comports with the statutory priority that should be given to this proceeding under 28 U.S.C. Section 1657(a) and the original intent of the 1947 Congress which enacted Section 10(j). See I *Legislative History LMRA 1947* 414, 433 (Government Printing Office 1985).

Section 10(j)[1] directs the Court to grant relief that is "just and proper." The Seventh Circuit holds that to determine what relief is "just and proper," district courts should "evaluate the propriety of the Director's request with an eye toward the traditional equitable principals that normally guide such inquiry." *Kinney v. Pioneer Press*, 881 F.2d 485, 491 (7th Cir. 1989). See also, *NLRB v. Electro-Voice, Inc.*, 83 F.3d 1559, 1566 (7th Cir. 1996). The four traditional criteria to which the petitioner must demonstrate to the court are: (1) the likelihood that the petitioner will succeed on the merits; (2) whether the petitioner has an adequate remedy at law and/or would be irreparably harmed if the injunction did not issue; (3) whether the threatened injury to petitioner outweighs the threatened harm an injunction would inflict on defendant; and (4) whether the granting of a preliminary injunction serves the public interest. *Id.* In considering these general equitable standards, however, the Court must view them through "the prism of the underlying purpose of Section 10(j), which is to protect the integrity of the collective-bargaining process and to preserve the Board's remedial power while it processes the charge." *Miller v. California Pacific Medical Center*, 19 F.3d 449, 459 (9th Cir. 1994) (*en banc*) (Ninth Circuit adopted the rationale and standards set forth by the Seventh Circuit in *Pioneer Press*). Or, as noted by the Seventh Circuit, "the court's mission is to determine whether the harm to organizational efforts that will occur while the Board considers the case is so great as to permit

---

[1] Section 10(j) of the Act, authorizes United States district courts to grant preliminary injunctions pending the Board's resolution of unfair labor practice proceedings. This provision reflects Congressional recognition that, because the Board's administrative proceedings often are protracted, in many instances, absent interim relief, a respondent may accomplish its unlawful objective before being placed under any legal restraint, and it would thereby render a final Board order ineffectual. See S. Rep. No. 105, 80th Cong., 1st Sess. at pp. 8, 27 (1947), reprinted in *Legislative History of the Labor Management Relations Act of 1947*, 414, 433 (Government Printing Office 1985), cited in *NLRB v. P*I*E Nationwide*, 894 F.2d 887, 891 (7th Cir. 1990). As noted by the Seventh Circuit Court, Section 10(j) was intended to prevent the potential frustration or nullification of the Board's remedial authority caused by the passage of time inherent in Board administrative litigation. *Kinney v. Pioneer Press*, 881 F.2d 485, 493-94 (7th Cir. 1989).

persons violating the Act to accomplish their unlawful objectives. *Electro-Voice*, 83 F.3d at 1567.

The Petitioner makes a threshold showing of likelihood of success by showing a "better than negligible chance of prevailing." *Id.* In assessing whether the Petitioner has met this burden, *Electro-Voice* and many other cases, while requiring the Court to evaluate on a preliminary basis the Petitioner's likelihood of succeeding on the merits of the charges, emphasize that the court "has no jurisdiction to pass on the merits of the underlying case before the Board." *Electro-Voice,* 83 F.3d at 1567. Thus, the district court is not called upon to resolve disputed issues of fact or the credibility of witnesses; this function is reserved exclusively for the Board in the underlying administrative proceeding. As set forth by the Court in *Electro-Voice,* 83 F.3d at 1570:

> Just as there are credibility questions regarding Electro-Voice's witnesses, there are credibility questions regarding the Director's witnesses. Our presentation of the evidence herein is focused on the strength of the Director's evidence only because our inquiry is limited to whether the Director has a better than negligible chance of success.

It is reversible error for a district court to go beyond this limited inquiry and make findings on the ultimate merits of the charge or to require the Director to prove her case by a preponderance of the evidence. *NLRB v. Electro-Voice*,83 F.3d at 1568. In short, a district court must take into account that Section 10(j) confers no jurisdiction to pass on the ultimate merits of the unfair labor practice case.

Based on *Pioneer Press, Electro-Voice*, and the foregoing, Petitioner submits that it is not necessary for the District Court to hold a full, evidentiary hearing on the merits of the underlying NLRB complaint. Rather, Petitioner respectfully requests that the Court allow for the submission of the transcript of the testimony and exhibits adduced in the administrative proceeding in lieu of

3

record testimony before the Court for the purpose of establishing the Director's likelihood of success on the merits of the underlying NLRB proceeding. As noted by the Court in *Electro-Voice*, 83 F.3d at 1566:

> The transcript of the [NLRB] proceeding before the ALJ was submitted to the district court. At the request of the Director, the district court did not conduct an evidentiary hearing; the court heard no live testimony. Rather than conducting a formal hearing, the district court relied on the record before the ALJ supplemented with additional evidentiary materials.

Thus, it is not against the procedural rules of this Circuit for the district court to utilize the transcript of a hearing before an administrative law judge to determine the relative strength of the Director's case on the merits upon motion by the Director. The transcripts from the proceeding before the Administrative Law Judge represents the best available evidence for this Court to make its findings on the Director's likelihood of success on the merits as the ultimately merit determination in the administrative proceeding will be based solely on the record evidence of that proceeding. In view of the foregoing, the transcript from the proceeding before the Administrative Law Judge also clearly represents the best available evidence for Petitioner to draft its Memorandum of Points and Authorities in support of the Petition. In so doing, the parties would avoid filing duplicative briefs, and the resources and time of this Court would be conserved, thereby facilitating an expedited decision in this matter.

If the Court grants this motion to utilize the record developed before the administrative law judge, Petitioner also requests that the Court grant leave to the parties to supplement such record with either oral testimony or affidavit evidence bearing solely on the issue of the equitable necessity of injunctive relief in this case, absent agreement by the parties and the administrative law judge to present such evidence at the administrative hearing.

**DATED** at Chicago, Illinois this 25th day of April, 2008.

*/s/ Sylvia L. Taylor, filed electronically*
Sylvia L. Taylor


*/s/ Jessica Willis Muth, filed electronically*
Jessica Willis Muth

Counsels for Petitioner
National Labor Relations Board, Region 13
209 South LaSalle Street, Suite 900
Chicago, Illinois 60604
(312) 353-7617

CERTIFICATE OF SERVICE

The undersigned hereby certify that true and correct copies of the foregoing Brief in Support of Motion to Try Petition for Preliminary Injunction Under Section 10(j) of the National Labor Relations Act on Basis of the Administrative Law Judge's Hearing Transcript, File Petitioner's Memorandum of Points and Authorities in Support of Petition and for Oral Argument, have, this 25th day of April, 2008, have been served in the manner indicated upon the following parties of record:

<u>Certified Mail</u>
Gem Healthcare
Attn: Michael Lerner
3553 W. Peterson Ave. #101
Chicago, IL 60659

Peter Andjelkovich & Associates
Attn: Peter Andjelkovich
39 S. LaSalle, Suite 200
Chicago, IL 60603

Asher, Gittler, Greenfield, Cohen & D'Alba Ltd.
Attn: Margaret Angelucci
200 W. Jackson Street, Suite 1900
Chicago, IL 60606

/s/ Sylvia L. Taylor, filed electronically
Sylvia L. Taylor

/s/ Jessica Willis Muth, filed electronically
Jessica Willis Muth
Counsels for Petitioner
National Labor Relations Board, Region 13
209 South LaSalle Street, Suite 900
Chicago, Illinois 60604
(312) 353-7617