IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPH BARKER, Regional Director of Region 13 of the NATIONAL LABOR RELATIONS BOARD, for and on behalf of the NATIONAL LABOR RELATIONS BOARD,<br><br>Petitioner,<br><br>vs.<br><br>REGAL HEALTH AND REHAB CENTER<br><br>Respondent. | Case No. 08 CV 2229<br><br>Judge Grady<br><br>Magistrate Judge Cole |

RESPONDENT'S RESPONSE TO PETITIONER'S PETITION
FOR PRELIMINARY INJUNCTION UNDER SECTION 10(J) OF THE
NATIONAL LABOR RELATIONS ACT

TO: The Honorable John F. Grady
United States District Court Judge
for the Northern District of Illinois

NOW COMES Regal Health and Rehab Center, by and through its attorneys Peter Andjelkovich & Associates and hereby responds to Petitioner's Petition For Preliminary Injunction Under Section 10(J) Of The National Labor Relations Act.

Regal Health and Rehab Center ("Respondent") denies it has been and continues to engage in acts and conduct in violation of Section 8(a)(1) and (3) of the Act (29USC see 158 (a)(1) and (3). Furthermore, Respondent responds to Petitioner's Petition as follows:

1. Respondent admits to the allegation contained in paragraph one of Petitioner's Petition.

2. Respondent admits to the allegation contained in paragraph two of Petitioner's Petition.

3. Respondent admits to the allegation contained in paragraph three of Petitioner's Petition.

4. Respondent admits to paragraph four of Petitioner's Petition. However, Respondent denies the allegations contained in the charges referenced therein.

5. Respondent admits to paragraph five of Petitioner's Petition. However, Respondent denies the allegations contained in the charges referenced therein.

6. Respondent admits to paragraph six of Petitioner's Petition. However, Respondent denies the allegations contained in the charges referenced therein.

7. Respondent denies paragraph seven of Petitioner's Petition.

    a. Respondent admits to paragraph 7(a) of Petitioner's Petition;

    b. Respondent admits to paragraph 7(b) of Petitioner's Petition;

    c. Respondent admits to paragraph 7(c) of Petitioner's Petition;

    d. Respondent admits to paragraph 7(d) of Petitioner's Petition;

    e. Respondent admits to paragraph 7(e) of Petitioner's Petition;

    f. Respondent admits to paragraph 7(f) of Petitioner's Petition as to the individuals named therein being supervisors, but denies they are agents of the Respondent within the meaning of Section 2(13);

    g. Respondent denies paragraph 7(g) of Petitioner's Petition;

        (i) Respondent denies subparagraph (i) of paragraph 7(g) of Petitioner's Petition;

        (ii) Respondent denies subparagraph (ii) of paragraph 7(g) of Petitioner's Petition;

    h. Respondent denies paragraph 7(h) of Petitioner's Petition;

    (i)    Respondent denies subparagraph (i) of paragraph 7(h) of Petitioner's Petition;

    (ii)    Respondent denies subparagraph (ii) of paragraph 7(h) of Petitioner's Petition;

i.    Respondent denies paragraph 7(i) of Petitioner's Petition;

    (i)    Respondent denies subparagraph (i) of paragraph 7(i) of Petitioner's Petition;

    (ii)    Respondent denies subparagraph (ii) of paragraph 7(i) of Petitioner's Petition;

j.    Respondent denies paragraph 7(j) of Petitioner's Petition;

    (i)    Respondent denies subparagraph (i) of paragraph 7(j) of Petitioner's Petition;

    (ii)    Respondent denies subparagraph (ii) of paragraph 7(j) of Petitioner's Petition;

    (iii)    Respondent denies subparagraph (iii) of paragraph 7(j) of Petitioner's Petition;

k.    Respondent denies paragraph 7(k) of Petitioner's Petition;

    (i)    Respondent denies subparagraph (i) of paragraph 7(k) of Petitioner's Petition;

    (ii)    Respondent denies subparagraph (ii) of paragraph 7(k) of Petitioner's Petition;

    (iii)    Respondent denies subparagraph (iii) of paragraph 7(k) of Petitioner's Petition;

    (iv)    Respondent denies subparagraph (iv) of paragraph 7(k) of Petitioner's Petition;

l.    Respondent denies paragraph 7(l) of Petitioner's Petition;

m.    Respondent denies paragraph 7(m) of Petitioner's Petition;

    (i)    Respondent denies subparagraph (i) of paragraph 7(m) of Petitioner's Petition;

    (ii)    Respondent denies subparagraph (ii) of paragraph 7(m) of Petitioner's Petition;

n.    Respondent denies paragraph 7(n) of Petitioner's Petition;

o.    Respondent denies paragraph 7(o) of Petitioner's Petition;

p.    Respondent denies paragraph 7(p) of Petitioner's Petition;

q.    Respondent admits to paragraph 7(q) of Petitioner's Petition;

r.    Respondent admits to paragraph 7(r) of Petitioner's Petition;

s.    Respondent admits to paragraph 7(s) of Petitioner's Petition;

t.    Respondent denies paragraph 7(t) of Petitioner's Petition;

u.    Respondent denies paragraph 7(u) of Petitioner's Petition;

v.    Respondent denies paragraph 7(v) of Petitioner's Petition;

w.    Respondent denies paragraph 7(w) of Petitioner's Petition;

x.    Respondent denies paragraph 7(x) of Petitioner's Petition;

y.    Respondent denies paragraph 7(y) of Petitioner's Petition;

z. Respondent denies paragraph 7(z) of Petitioner's Petition;

aa. Respondent denies paragraph 7(aa) of Petitioner's Petition;

8. Respondent denies paragraph eight of Petitioner's Petition.

a. Respondent denies paragraph 8(a) of Petitioner's Petition;

b. Respondent denies paragraph 8(b) of Petitioner's Petition;

c. Respondent denies paragraph 8(c) of Petitioner's Petition;

9. Respondent denies paragraph nine of Petitioner's Petition.

10. Respondent denies paragraph ten of Petitioner's Petition.

11. Respondent denies paragraph eleven of Petitioner's Petition.

12. Respondent denies paragraph twelve of Petitioner's Petition.

13. Respondent denies paragraph thirteen of Petitioner's Petition.

## RESPONDENT'S AFFIRMATIVE DEFENSES

1. Petitioner's claim is barred by its failure to act diligently, since the facts alleged in Petitioner's Petition occurred in November and December 2007.

2. Petitioner's claim is barred by waiver.

3. Petitioner's claim is barred by Election of Remedies, since Petitioner has elected to proceed with an administrative hearing regarding the same facts and issues before proceeding with this Petition.

**WHEREFORE,** Respondent Regal Health and Rehab Center respectfully prays that Petitioner's Petition for Preliminary Injunction Under Section 10(J) of the National Labor Relations Act be stricken in its entirety and for such other and further remedies that this Court deems equitable and just.

Respectfully submitted,
REGAL HEALTH AND REHAB CENTER

By: __/s/ Peter Andjelkovich__
     One of Respondent's attorneys

Peter Andjelkovich, Esq.
Bradley Wartman, Esq.
Peter Andjelkovich & Associates
39 South LaSalle Street, Suite 200
Chicago, IL 60603
312/782-8345