IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH BARKER, Regional Director of Region 13 of the NATIONAL LABOR RELATIONS BOARD, for and on behalf of the NATIONAL LABOR RELATIONS BOARD, | ) ) ) ) ) ) | |
| Petitioner, | ) ) | Case No.  08 C 2229 |
| vs. | ) ) ) | Judge Grady |
| REGAL HEALTH AND REHAB CENTER | ) ) | Magistrate Judge Cole |
| Respondent. | ) ) | |

**RESPONSE TO PETITIONER'S MOTION TO QUASH
RESPONDENT'S NOTICE OF DEPOSITION**

NOW COMES REGAL HEALTH AND REHAB CENTER ("Regal"), by and through its attorneys PETER ANDJELKOVICH & ASSOCIATES, and responds to Petitioner's Motion to Quash Respondent's Notice of Deposition ("Motion") as follows:

1. The NLRB filed two unfair labor practice charges against Respondent (Case Nos. 13 CA 44481 and 13 CA 44482) at the behest of Local 1 Service Employees International Union on January 8, 2008.

2. On April 18, 2008 the NLRB filed this Petition for Preliminary Injunction Under Section 10(J) of the National Labor Relations Act ("Petition"). The Petition is based on the above referenced charges and seeks to enjoin Regal with regard to certain alleged unfair labor charges that the NLRB has yet to prove at the administrative proceeding.

3. The hearing did not commence until May 27, 2008 and has not yet concluded (the hearing is continued to June 25, 2008).

**A.     By Attaching The Regional Director's Verification To The Petition, Respondent Concedes His Testimony Is Relevant**.

4.     Attached to the Petition is the verification of the Regional Director of Region 13 of the NLRB attesting under oath that the facts alleged in the Petition are true and that they are based on his personal knowledge. Specifically, he states under oath that:

> I, Joseph A. Barker, <u>being duly sworn</u>, depose and say that I am the Regional Director of Region 13 of the National Labor Relations Board; that I have read the foregoing Petition and exhibits and <u>know the contents</u> thereof; <u>that the statements therein made as upon personal knowledge are true</u> and those made as upon information and belief, I believe to be true.

Petition (emphasis added).

5.     The NLRB attached the Verification of its Regional Director because Federal Rule 65 requires certain injunctive relief be supported by "affidavit or a verified complaint" that clearly shows that immediate and irreparable injury, loss, or damage will result. Fed. R. Civ. P. 65. See also, *Hunter v. Atchison, T. & S. F. R. Co.*, 188 F.2d 294, 298 (7th Cir.1951) ("[o]n the application for a temporary injunction the court may consider affidavits and verified pleadings as evidence").

6.     On May 8, 2008, Respondent issued discovery, including a Notice to Produce Documents as well as a Notice of Deposition requesting the production of Joseph Barker, Regional Director of Region 13 of the National Labor Relations Board, the only person attesting under oath that the Petition is true and accurate based on his personal knowledge. It is this deposition that the NLRB moves to quash.

7.     In its Motion, the NLRB concedes that the discovery provisions of the Federal Rules of Civil Procedure apply to the Federal Government and that these rules contemplate broad

discovery and includes a wide definition of what is deemed "relevant" for discovery purposes. Motion, p. 3.

        8.      The NLRB also concedes that it must prove by a preponderance of the evidence the necessary elements for an injunction. However, the discovery rules afford Regal the opportunity to discover the evidence the NLRB seeks to offer in support of its Petition. This is especially so here where the NLRB is seeking a drastic injunction remedy when it is apparent from the Petition that the NLRB already has an adequate remedy at law since the administrative hearing process the NLRB is currently proceeding with will offer the very same remedies.

        9.      The NLRB cannot attach to the Petition the verification of its Regional Director and then assert that his testimony is not relevant and that Respondent should not be allowed to test in a deposition the veracity of Respondent's claim that the Petition is accurate and based on his personal knowledge.[1]

**B.    It Would Be Unfair To Protect A Public Official From Participating In Discovery Where That Public Official Has Verified A Pleading In The Same Proceeding**.

        10.     The NLRB also objects to the Regional Director being forced to testify about the veracity of his verification because of his "public official" status.

        11.     However, the court should note that the NLRB has chosen to have its Regional Director, Joseph Barker, not only initiate the Petition, but to verify it as being accurate and

---

[1] The concessions set forth by the NLRB in the Motion raises even greater questions about the Regional Director's statements under oath as contained in the Verification. In the Motion, the NLRB states that the Regional Director "does not have *any* first-hand knowledge of any relevant evidence which has not already been made, or will be made, available to Respondent" and suggests that he has no personal information at all, but merely information that others had told him. Motion, p. 5 (emphasis added). This remarkable concession on its face calls into question the veracity of the director's verification making his deposition even more justified.

correct. Since Regional Director Barker is presented by the NLRB as being the only witness to support the contents of the Petition, Respondent should be allowed to depose this witness disclosed by the NLRB to defend this claim and to prepare for the injunction hearing.

12.     The NLRB's additional arguments are improper and at the least, premature. The NLRB contends that there is an unwritten but *de facto* policy that a "party seeking the deposition of a high ranking official should first demonstrate that there is some reason to believe that the deposition will produce or lead to admissible evidence," citing to *Olivieri v. Rodriguez*, 122 F.3d 406, 409 (7th Cir. 1997). Motion, p. 4.

13.     However, *Olivieri* does not support the NLRB. In *Olivieri*, the court would not allow the plaintiff to take the deposition of the police superintendent without first showing there was a "real need." *Id*. Since the plaintiff had not served interrogatories to determine whether the public official had relevant information, the court was justified in preventing his deposition from being taken. *Id*. Quite the contrary to the NLRB's claim here, where it is demonstrated that a public official has discoverable information, courts should not deprive parties of that information simply because of an official's status, even where the public official is the President of the United States. See *Clinton v. Jones*, 520 U.S. 681, 703-05, 117 S. Ct. 1636 (1997).

14.     Here, Joseph Barker verification show's there is a "real need" for his deposition since he is the only person offered by the NLRB to support the Petition under oath. In short, the NLRB's Petition shows he is a primary witness to the proceeding. It would be patently unreasonable for the NLRB to be allowed to satisfy its obligation in obtaining injunctive relief by supporting the Petition with a verification signed under oath by someone claiming to have personal knowledge and then block the opposition party's right to test the veracity of that

verification.

**C.    The Seventh Circuit Has Ordered Other Regional Counsel To Appear For Deposition**.

15.    The Seventh Circuit in *NLRB v. Modern Drop Forge Co.* 1997 US APP. Lexis 5185, is a similar case involving a party seeking the deposition of the then Regional Director, Elizabeth Kenney. Based on an NLRB appeal, the court reversed the District Court's dismissal of the injunction petition and ordered that the Regional Director appear for deposition, allow questions to be asked, and then assert her objections and basis for privilege as to each question. Only then could the court "sink our teeth" into specific questions which were posed as opposed to addressing theoretical questions in their "abstract form." *Id*. at 5-6. Although unpublished, the court's ruling in *Modern Drop Forge* is appropriately referenced here since the NLRB was successful in its appeal and should now be judicially estopped from asserting a position contrary to a ruling it successfully obtained in an earlier proceeding. *Astor Chauffeured Limousine Co. v. Runnfeldt Inv. Corp.*, 910 F.2d 1540, 1548 (7th Cir. 1990).

WHEREFORE, Respondent prays that the Motion to Quash be denied, that Joseph Barker be ordered to appear for deposition and for such further relief as this court deems equitable and just.

                    Respectfully submitted,
                    **REGAL HEALTH AND REHAB CENTER**


                    By:  s/Bradley Wartman
                          One of its attorneys

Peter Andjelkovich, Esq.
Peter Andjelkovich & Associates
39 South LaSalle Street, Suite 200
Chicago, IL 60603
312/782-8345