# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH A. BARKER, REGIONAL DIRECTOR OF REGION 13 OF THE NATIONAL LABOR RELATIONS BOARD, FOR AND ON BEHALF OF THE NATIONAL LABOR RELATIONS BOARD | ) ) ) ) ) | Civil No.  08 CV 2229 |
| Petitioner | ) ) | Judge Grady |
| v. | ) | Magistrate Judge Cole |
| REGAL HEALTH AND REHAB CENTER, INC. | ) ) | |
| Respondent | ) ) ) | |

## FIRST AMENDED PETITION FOR PRELIMINARY INJUNCTION
## UNDER SECTION 10(J) OF THE NATIONAL LABOR RELATIONS ACT

Joseph A. Barker, Regional Director for Region 13 of the National Labor Relations Board (hereinafter "the Board") petitions this Court on behalf of the Board, pursuant to Section 10(j) of the National Labor Relations Act, as amended (61 Stat. 149; 29 U.S.C. Section 160(j); hereinafter "the Act"), for injunctive relief pending the final disposition of the matters pending before the Board on a complaint of the General Counsel of the Board, charging that Regal Health and Rehab Center, Inc., (hereinafter "Respondent") has been and continues to engage in acts and conduct in violation of Section 8(a)(1) and (3) of the Act [29 U.S.C. Sec. 158(a)(1) and (3)].  In support, Petitioner respectfully submits the following:

1)    Petitioner is the Regional Director for Region 13 of the Board, an agency of the United States government, for and on behalf of the Board.

2)    Jurisdiction of this proceeding is conferred upon this Court by Section 10(j) of the Act.

3)    At all material times, Respondent, an Illinois corporation, has maintained an office and place of business in Oak Lawn, Illinois, where it is now and has been engaged in the business of providing skilled nursing care within this judicial district.

4)      On January 8, 2008, Service Employees International Union Healthcare, Local 4 (hereinafter "the Union" or "Charging Party"), filed a charge in Case 13-CA-44481 with the Board and a first amended charge on February 25, 2008, alleging that Respondent has engaged in, and is engaging in, unfair labor practices within the meaning of Sections 8(a)(1) and (3) of the Act. A copy of the original charge and the amended charge are attached as Exhibits A and B, respectively.

5)      On January 8, 2008, the Union filed a charge in Case 13-CA-44482 with the Board and a first amended charge on February 25, 2008, alleging that Respondent has engaged in, and is engaging in, unfair labor practices within the meaning of Sections 8(a)(1) and (3) of the Act. A copy of the original charge and the amended charge are attached as Exhibits C and D, respectively.

6)      On March 13, 2008, following a field investigation in which all parties had an opportunity to submit evidence in Cases 13-CA-44481 and 13-CA-44482, the General Counsel by Regional Director, Joseph A. Barker, on behalf of the Board, issued an Order Consolidating Cases, Consolidated Complaint and Notice of Hearing, pursuant to Section 10(b) of the Act [29 U.S.C. Sec. 160(b)], alleging that Respondent has engaged in, and is engaging in, unfair labor practices within the meaning of Sections 8(a)(1) and (3) of the Act. A copy of the Order Consolidating Cases, Consolidated Complaint and Notice of Hearing is attached as Exhibit E.

7)      On March 27, 2008, the Union filed a charge in Case 13-CA-44619 with the Board, a first amended charge on March 28, 2008, and a second amended charge on May 5, 2008, alleging that Respondent has engaged in, and is engaging in, unfair labor practices within the meaning of Sections 8(a)(1) and (3) of the Act. A copy of the original charge, first amended charge, and second amended charge are attached as Exhibits F, G, and H, respectively.

8)      On May 5, 2008, following a field investigation in which all parties had an opportunity to submit evidence in Case 13-CA-44619, the General Counsel by Regional Director Joseph A. Barker, on behalf of the Board, issued a Second Order Consolidating Cases, Consolidated Complaint and Notice of Hearing, pursuant to Section 10(b) of the Act [29 U.S.C. Sec. 160(b)], alleging that Respondent has engaged in, and is engaging in, unfair labor practices within the meaning of Sections 8(a)(1) and (3) of the Act. A copy of the Second Order Consolidating Cases, Consolidated Complaint and Notice of Hearing is attached as Exhibit I.

9)    Petitioner asserts that there is a likelihood of success that the Regional Director will, in the underlying administrative proceeding in Cases 13-CA-44481, 13-CA-44482, and 13-CA-44619 establish the following:

(a)    At all material times, Respondent, an Illinois corporation, with an office and place of business in Oak Lawn, Illinois, (hereinafter "Respondent's facility"), has been engaged in the business of providing skilled nursing care.

(b)    During the past calendar year, Respondent, in conducting its business operations at the facility described above in paragraph 9(a), derived gross revenues in excess of $100,000.

(c)    During the past calendar year, Respondent, in conducting its business operations at the facilities described above in paragraph 9(a), purchased and received goods, products, materials and/or services valued in excess of $3,000 from other enterprises including public utilities located within the State of Illinois, each of which public utility had received the goods, products, materials and/or services directly from points outside the State of Illinois.

(d)    At all material times Respondent has been an employer engaged in commerce within the meaning of Section 2(2), (6), and (7) of the Act.  [29 U.S.C. Sec. 152(2), (6) and (7)].

(e)    At all material times, the Union has been a labor organization within the meaning of Section 2(5) of the Act. [29 U.S.C. Sec. 152(5)].

(f)    At all material times, the following individuals held the positions set forth opposite their names and have been supervisors of Respondent within the meaning of Section 2(11) of the Act [29 U.S.C. Sec. 152(11)], and agents of Respondent within the meaning of Section 2(13) of the Act [29 U.S.C. Sec. 152(13)]:

| | |
|---|---|
| Michael Lerner | President |
| Durodola Adewolu | Director of Nursing |
| Sandy Williams | Administrator |
| Deborah Kipp | Director of Operations |
| Rhonda White | Quality Assurance Nurse |
| Betty Arnold | MDS Coordinator |
| Derrick Hawkins | Food Services Supervisor |

(g)    About November 2007, Respondent, by Durodola Adewolu, at the Respondent's facility:

        (i)     Threatened its employees with discharge for engaging in union activity;

        (ii)    Promised its employees that they would receive a reward if the employees engaged in surveillance of employees engaged in union or concerted activities.

(h)    About December 7, 2007, Respondent, by Durodola Adewolu, at the Respondent's facility:

        (i)     Informed its employees it would be futile for them to select the Union as their bargaining representative;

        (ii)    Threatened its employees with discharge for engaging in union activity.

(i)    About December 11, 2007, Respondent, by Durodola Adewolu, at the Respondent's facility:

        (i)     Created an impression among its employees that their union activities were under surveillance;

        (ii)    Informed its employees it would be futile for them to select the Union as their bargaining representative.

(j)    About December 14, 2007, Respondent, by Durodola Adewolu, at the Respondent's facility:

        (i)     Threatened employees with a lawsuit for engaging in union and/or protected concerted activities;

        (ii)    Created an impression among its employees that their union activities were under surveillance;

        (iii)   Interrogated employees about their union membership, activities and sympathies.

(k)    About mid-December 2007, Respondent, by Durodola Adewolu, at the Respondent's facility:

        (i)     Interrogated employees about their union membership, activities, and sympathies;

       (ii)     Threatened employees with discharge for engaging in union activity;

       (iii)    Informed employees it would be futile for them to select the Union as their bargaining representative;

       (iv)    Threatened its employees with unspecified reprisals for engaging in union activity.

(l)     About December 20, 2007, Respondent, by Durodola Adewolu, at the Respondent's facility, interrogated employees about their union membership, activities, and sympathies.

(m)    About December 27, 2007, Respondent, by Durodola Adewolu, at the Respondent's facility:

       (i)      Threatened its employees with discharge for engaging in union activity;

       (ii)     Informed its employees it would be futile for them to select the union as their bargaining representative.

(n)     About January 4, 2008, Respondent, by Durodola Adewolu, at Respondent's facility, threatened to blackball employees because they engaged in union activities.

(o)     About mid-December 2007, Respondent altered the working conditions of its employees by requiring that Licensed Practical Nurses issue disciplinary write ups to Certified Nursing Assistants.

(p)     About December 20, 2007, Respondent altered the working conditions of its employees by requiring that Licensed Practical Nurses make room assignments for Certified Nursing Assistants.

(q)     About January 2, 2008, Respondent discharged its employee Lavern Harper.

(r)     About January 3, 2008, Respondent discharged its employee Diane Rounds.

(s)     About January 7, 2008, Respondent discharged its employees Michael Thurmond.

(t)    About March 20, 2008, Respondent issued a disciplinary write up to its employee Kalea Williams.

(u)    About March 27, 2008, Respondent discharged its employee Kalea Williams.

(v)    Respondent engaged in the conduct described above in paragraphs 9(o)-(u) because the employees of Respondent formed, joined, and assisted the Union and engaged in concerted activities, and to discourage employees from engaging in these activities.

(w)    By the conduct described above in paragraphs 9(g)-(n), Respondent has been interfering with, restraining, and coercing employees in the exercise of the rights guaranteed in Section 7 of the Act in violation of Section 8(a)(1) and affecting commerce within the meaning of Section 2(6) and (7) of the Act [29 U.S.C. Sec. 152(6) and (7)].

(x)    By the conduct described above in paragraphs 9(o)-(v), Respondent has been discriminating in regard to the hire or tenure or terms and conditions of employment of its employees, thereby discouraging membership in a labor organization in violation of Section 8(a)(1) and (3) and affecting commerce within the meaning of Section 2(6) and (7) of the Act [29 U.S.C. Sec. 152(6) and (7)].

(y)    The unfair labor practices of Respondent described above in paragraphs 9(g)-(v) have taken place within this judicial district.

(z)    The following employees of Respondent, (hereinafter "the Unit"), constitute a unit appropriate for the purposes of collective bargaining within the meaning of Section 9(b) of the Act [29 U.S.C. Sec 159 (b)]:

> All full-time and regular part-time Licensed Practical Nurses (LPNs) employed by Respondent at its facility currently located at 9525 S. Mayfield, Oak Lawn, Illinois; but excluding all managerial employees, office clerical employees and guards, professional employees and supervisors as defined in the Act.

(aa)    About November 18, 2007, a majority of the Unit designated and selected the Union as their representative for the purposes of collective bargaining with the Respondent.

(bb)    The conduct described in paragraphs 9(g)-(v) is so serious and substantial in character that the possibility of erasing the effects of these unfair labor practices and of conducting a fair election by the use of traditional remedies is slight, and the employees sentiments regarding representation, having been expressed through authorization cards, would,

on balance, be protected better by issuance of a bargaining order than by traditional remedies alone.

(cc)    At all times since November 18, 2007, based upon Section 9(a) of the Act [29 U.S.C. Sec. 159(a)], the Union has been the exclusive bargaining representative of the Unit.

10)    Respondent's unfair labor practices, as described above in paragraphs 9(g)-(v) have irreparably harmed, and are continuing to irreparably harm employees of the Respondent in the exercise of rights guaranteed them by Section 7 of the Act and the public interest in deterring continued violations.  More particularly, Respondent's unfair labor practices have caused the following harm:

(a)    Respondent's egregious and unlawful conduct has resulted in the abrupt discharge of Lavern Harper, Diane Rounds, Michael Thurmond, and Kalea Williams and has irreparably chilled, if not obliterated, the employees' support for the Union at a critical time when it was trying to obtain a Board certification as the employees' collective bargaining representative; and

(b)    Respondent's unlawful termination of the four employees, coupled with its other equally unlawful conduct aimed at weakening union support, such as threats to discipline and discharge employees for supporting the Union, interrogations of Union supporters, telling employees that it is futile for them to select the Union as their bargaining representative, creating the impression that employees' Union activities were under surveillance, and promising rewards to employees to engage in surveillance of other employees' Union or concerted activities, has severely undermined the employees' right to freely exercise the rights guaranteed them by Section 7 of the Act and has effectively stalled the Union's organizing campaign which had achieved initial success.

(c)    With the passage of time inherent in Board administrative litigation, even if the Board ultimately certifies the Union as the employees' collective-bargaining representative, the Union will be unable to approach Respondent with the requisite employee support necessary to engage in meaningful collective bargaining due to the chilling effect these blatant violations of the Act have had and will continue to have on employees.  Thus, Respondent's unlawful conduct has clearly destroyed its employees' efforts to exercise their Section 7 rights to select a bargaining representative of their choice and has deprived them of the benefits of good faith collective bargaining.

11)    There is no adequate remedy at law for the irreparable harm being caused by Respondent's unfair labor practices, as described above in paragraphs 9(g)-(v).  Absent interim relief, the delay in obtaining a remedy through traditional Board administrative proceedings will negatively impact on the Board's ability to ensure industrial peace and protect employees' Section 7 rights to join or assist labor organizations and to bargain collectively through their own representatives.  Moreover, unless interim reinstatement is promptly obtained, Respondent's discharge of the lead employee Union organizer and other key Union supporters will stand as a clear and forceful message.  The remaining employees will learn that showing support for the Union, or engaging in other protected activity, will likely result in their abrupt termination or other serious adverse employment actions and that neither the Union nor the Board can effectively protect them.

12)    In balancing the hardships in this matter, if injunctive relief is not granted the harm to the employees, to the public interest, and to the purposes and policies of the Act, outweighs any harm that the grant of injunctive relief will have on Respondent.  Specifically, should the interim order be granted, the imposition of cease and desist remedies requires nothing more than that Respondent obey the law, and affirmatively the Respondent will simply be required to reinstate unlawfully terminated employees, Lavern Harper, Diane Rounds, Michael Thurmond, and Kalea Williams during the pendency of this proceeding, effectively re-establishing the pre-violation employment state.

Further, with respect to an interim bargaining order, such an order would not compel Respondent to agree to any specific term or condition of employment advanced by the Union in negotiations.  Rather, such order only requires that Respondent bargain in good faith to an agreement or bona fide impasse.  Moreover, any agreement reached between the parties under Section 10(j) decree may be conditioned on the Board ultimately granting a bargaining remedy.  Additionally, the costs in terms of time and money spent on collective bargaining and grievance adjustment is a burden that falls on both parties and thus does not defeat a request for an interim bargaining order.

Absent injunctive relief, Respondent will reap the benefit of its own misconduct, *i.e.*, it will erode the support of the employees for the Union and strip them of the benefits of good faith collective bargaining.  There is the distinct danger that without an interim reinstatement order the four Union supporters will be forever lost from this bargaining unit and Respondent will

8

effectively accomplish its unlawful goals of permanently undermining collective bargaining and ridding its workplace of Union supporters. This is due to the fact that with the passage of time, these leading Union supporters will be less likely to accept reinstatement and will be less enthusiastic about resuming their support for the Union. Where the discrimination has taken place during an organizing campaign, interim reinstatement of the Union supporters is particularly important to protect the employees' Section 7 right to select a bargaining representative free from Respondent's coercion so that, if the Board ultimately certifies the Union, it will be able to approach Respondent with the requisite employee support in order to engage in meaningful collective-bargaining.

13)    In balancing the equities, the immediate and substantial threat to the employee's Section 7 rights, to the public interest and to the policies of the Act, clearly outweigh the minimal burden on Respondent. There is no evidence that the reinstatement of the four employees would pose a significant hardship upon Respondent. To the contrary, Respondent will receive the benefit of these experienced employees' labor during the interim period. Similarly, resumption of the organizing campaign by the discharged employees and the Union would restore the lawful status quo and would serve the public interest in protecting employees' right to freely choose whether or not to engage in union organizing activities.

In sum, given these circumstances, injunctive relief is imperative since the passage of time necessary to adjudicate the unfair labor practice charges on the merits will dissipate the effectiveness of the ultimate remedial power of the Board, and will further ravage employee support for the Union – allowing Respondent to achieve its goal through the commission of unfair labor practices.

14)    Upon information and belief, to avoid the serious consequences set forth above, it is essential, just, and proper to effectuate the policies of the Act and avoid substantial, irreparable and immediate injury to such policies, to the public interest, and to the employees that, pending final disposition of the matters pending before the Board, Respondent be enjoined and restrained in accordance with the purposes of Section 10(j) of the Act.

15)    Respondent has been notified of Petitioner's intent to file this First Amended Petition for injunctive relief under Section 10(j) of the Act absent Respondent's agreement to accept the relief requested herein.

**WHEREFORE, PETITIONER PRAYS:**

A.    That the Court issue an Order directing Respondent, pending final Board adjudication of the instant charges, to cease and desist from:

(1)    coercively interrogating employees;

(2)    creating an impression of surveillance;

(3)    creating an impression of futility;

(4)    promising a reward for spying on protected activities;

(5)    threatening to blackball employees;

(6)    threatening to sue employees;

(7)    threatening employees with termination in retaliation for their union and protected, concerted activities;

(8)    disciplining employees in retaliation for their union and protected, concerted activities;

(9)    terminating employees in retaliation for their union and protected, concerted activities;

(10)    changing terms and conditions of employment in retaliation for employees' union and protected concerted activities;

(11)    in any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them in Section 7 of the Act.

B.    That the Court direct Respondent to take the following affirmative action:

(1)    Within five (5) days of the Court's order, offer interim reinstatement, in writing, to Lavern Harper, Diane Rounds, Michael Thurmond, and Kalea Williams to their former positions of employment at their previous wages and other terms and conditions of employment, displacing if necessary, any workers contracted for, hired, or reassigned to replace them; and if their former jobs no longer exist, offer interim reinstatement to substantially equivalent positions;

(2)    temporarily expunge any reference to the discipline of Kalea Williams on March 20, 2008, from her personnel file and not rely on such discipline in any future discipline imposed prior to the final Board order;

(3)    temporarily expunge any references to the discharges of Lavern Harper, Diane Rounds, Michael Thurmond and Kalea Williams from their personnel files and not rely on such discharges in any future discipline imposed prior to a final Board order;

(4)    recognize and, upon request, bargain in good faith with the Union as the exclusive collective-bargaining representative of Respondent's employees in the unit petitioned for by the Union;

(5)    post a copy of the District Court's opinion and order at Respondent's office where notices to employees are customarily posted, said posting to be maintained during the Board's administrative proceedings, free from all obstructions and defacements, and agents of the Board to be granted reasonable access to Respondent's facility to monitor compliance with the posting requirement;

(6)    withdraw instructions that LPNs are required to discipline CNAs or make room assignments to CNAs; and

(7)    within twenty days of the issuance of the District Court's decision and order, file with the District Court, with a copy to be submitted to the Regional Director of the Board for Region 13, a sworn affidavit from a responsible Respondent official setting forth, with specificity, the manner in which Respondent has complied with the terms of the Court's decree, including how the documents have been posted as required by the Court's order.

Dated at Chicago, Illinois, this 5th day of August, 2008.

Joseph A. Barker, Regional Director
National Labor Relations Board
Region 13
209 South LaSalle Street, Suite 900
Chicago, Illinois 60604

I, Joseph A. Barker, being duly sworn, depose and say that I am the Regional Director of Region 13 of the National Labor Relations Board; that I have read the foregoing First Amended Petition and exhibits and know the contents thereof; that the statements therein made as upon personal knowledge are true and those made as upon information and belief, I believe to be true.

DATED at Chicago, Illinois this 5th day of August, 2008.

Joseph A. Barker, Regional Director
National Labor Relations Board
Region 13
209 South LaSalle Street, Suite 900
Chicago, Illinois 60604

Subscribed and Sworn to Before me this
5th day of August, 2008.

Notary Public

OFFICIAL SEAL
CHRISTOPHER J LEE
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:04/20/11

OFFICIAL SEAL
CHRISTOPHER J LEE
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:04/20/11

## CERTIFICATE OF SERVICE

The undersigned hereby certify that true and correct copies of the First Amended Petition for Preliminary Injunction Under Section 10(j) of the National Labor Relations Act, have, this 5th day of August, 2008, been served in the manner indicated upon the following parties of record:

Certified Mail

Gem Healthcare
Attn: Michael Lerner
3553 W. Peterson Ave. #101
Chicago, IL 60659

Peter Andjelkovich & Associates
Attn: Peter Andjelkovich
39 S. LaSalle, Suite 200
Chicago, IL 60603

Asher, Gittler, Greenfield, Cohen & D'Alba Ltd.
Attn: Margaret Angelucci
200 W. Jackson Street, Suite 1900
Chicago, IL 60606

             _/s/ Sylvia L. Taylor, filed electronically____
             Sylvia L. Taylor
             Counsel for Petitioner
             National Labor Relations Board, Region 13
             209 South LaSalle Street, Suite 900
             Chicago, Illinois 60604
             (312) 353-7617

FORM NLRB-511
(9-07)

FORM EXEMPT UNDER 44 U.S.C 3512

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
CHARGE AGAINST EMPLOYER

| DO NOT WRITE IN THIS SPACE | |
|---|---|
| Case 13-CA-44481 | Date Filed 1/8/08 |

**INSTRUCTIONS:**
File an original together with four copies and a copy for each additional charged party named in Item 1 with NLRB Regional Director for the region in which the alleged unfair labor practices occurred or is occurring.

### 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

| a. Name of Employer | | b. Number of workers employed |
|---|---|---|
| Regal Health and Rehab Center | | 60 |

| c. Address (Street, city, state, and ZIP code) | d. Employer Representative | e. Telephone No. ( ) - 708-636-7000 |
|---|---|---|
| 9525 South Mayfield Oak Lawn, IL, 60453 | Sandy Williams | Fax No. ( ) - 708-422-3520 |

| f. Type of Establishment (factory, mine, wholesaler, etc.) | g. Identify principal product or service |
|---|---|
| Nursing Home | Providing acute care |

h. The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsections (1) and *(list subsections)* 3, 3, 3, 3, 3 of the National Labor Relations Act and these unfair labor practices are practices affecting commerce within the meaning of the Act, or these unfair labor practices are unfair practices affecting commerce within the meaning of the Act and the Postal Reorganization Act.

2. Basis of the Charge *(set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)*

1. On or about December 17, 2007 the Employer through its agents and representatives unlawfully terminated its employee Angela Beal because of her union and/or protected activities.

2. On or about December 14, 2008, the Employer through its agents and representatives unlawfully threatened its employee Kalea Williams with termination because of her union and/or protected activities.

3. On or about January 3, 2008, the Employer through its agents and representatives unlawfully terminated its employee Diane Rounds because of her union and/or protected activities.

4. On or about January 7, 2008, the Employer through its agents and representatives unlawfully terminated its employee Michael Thurmond because of his union and/or protected activities.

5. On or about the week of December 10, 2007 the Employer through its agents and representatives unlawfully threatened Lavern Harper and all other Licensed Practical Nurses because of their union and/or protected activities.

3. Full name of party filing charge *(if labor organization, give full name, including local name and number)*

Service Employees International Union Healthcare Illinois Local 4

| 4a. Address (Street and number, city, state, and ZIP code) | 4b. Telephone No. ( ) - (773)889-7348 |
|---|---|
| 7026 W. North Ave Chicago, IL, 60707 | Fax No. ( ) - (773)836-9623 |

5. Full name of national or international labor organization of which it is an affiliate or constituent unit *(to be filled in when charge is filed by a labor organization)*  Service Employees International Union, CTW, CLC

### 6. DECLARATION

I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief.

| By ~~signature~~ | |
|---|---|
| *(signature of representative or person making charge)* | Organizer |
| | *(Print/type name and title or office, if any)* |

Address 7026 W. North Ave., Chicago, 60707

(fax ( ) - (773)836-9623
( ) - (708)267-5377
*(Telephone No.)*

1/8/08
*(date)*

**WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)**

PRIVACY ACT STATEMENT

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 et seq. The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information will cause the NLRB to decline to invoke its processes.

FORM NLRB-501
(9-07)

FORM EXEMPT UNDER 44 U S C 3512

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
~~AMENDED~~ CHARGE AGAINST EMPLOYER

**DO NOT WRITE IN THIS SPACE**

| Case | Date Filed |
|------|-----------|
| 13-CA-44481 | / / 2/25/08 |

**INSTRUCTIONS:**
File an original together with four copies and a copy for each additional charged party named in item 1 with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

## 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

| | |
|---|---|
| a. Name of Employer<br>Regal Health and Rehab Center | b. Number of workers employed<br>60 |

| c. Address (Street, city, state, and ZIP code)<br>9525 South Mayfield<br>Oak Lawn, IL 60453 | d. Employer Representative<br>Sandy Williams | e. Telephone No.<br>( ) - (708) 636-7000<br>Fax No.<br>( ) - (708) 422-3520 |
|---|---|---|

| f. Type of Establishment (factory, mine, wholesaler, etc.)<br>Nursing Home | g. Identify principal product or service<br>Providing Acute Care |
|---|---|

h. The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsections (1) and *(list subsections)* (3) _____ of the National Labor Relations Act, and these unfair labor practices are practices affecting commerce within the meaning of the Act, or these unfair labor practices are unfair practices affecting commerce within the meaning of the Act and the Postal Reorganization Act.

2. Basis of the Charge (set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)

On or about November 2007 the above-named Employer, through its agent Dola Adewolu, threatened Lavern Harper with termination in retaliation for protected concerted activity and told her that he would reward her for spying on protected concerted activity.

On or about December 2007, the above named Employer, through its agent Dola Adewolu, created the impression that employees' protected concerted activities are under surveillance, made statements of futility by telling employees that it is illegal for them to be in a Union, interrogated employees about their protected concerted activity, and told Lavern Harper, Michael Thurmond, and Kalea Williams that employees would be terminated if they tried to bring in a Union or join a Union.

On or about January 3, 2008, the above-named Employer terminated Diane Rounds in retaliation for her protected concerted activity.

On or about January 4, 2008 the above-named Employer, through its agent Dola Adewolu, threatened to black ball Michael Thurmond in retaliation for his protected concerted activity.
On or about January 7, 2008 the above-named Employer terminated Michael Thurmond in retaliation for his protected concerted activity.

| 3. Full name of party filing charge (if labor organization, give full name, including local name and number)<br>Service Employees International Union Healthcare Illinois Local 4 | | |
|---|---|---|
| 4a. Address (Street and number, city, state, and ZIP code)<br>7026 W. North Ave.<br>Chicago, IL 60707 | | 4b. Telephone No.<br>( ) - (773) 889-7348<br>Fax No.<br>( ) - (773) 836-9623 |

5. Full name of national or international labor organization of which it is an affiliate or constituent unit (to be filled in when charge is filed by a labor organization) Service Employees International Union, CTW, CLC

## 6. DECLARATION

I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief.

By _Margaret Angelucci_
(signature of representative or person making charge)

(Print/type name and title or office if any)

Address _200 W. Jackson, Suite 1900_ (fax) ( ) - 263-1520
( ) - 263-1600 / /
(Telephone No.) (date)

WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)

PRIVACY ACT STATEMENT

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 et seq. The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information will cause the NLRB to decline to invoke its processes.

**Exhibit B**

FORM NLRB-501
(9-07)

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
CHARGE AGAINST EMPLOYER

FORM EXEMPT UNDER 44 U.S.C 3512

**DO NOT WRITE IN THIS SPACE**

| Case | Date Filed |
|------|------------|
| 13-CA-44482 | 1/8/08 |

INSTRUCTIONS:
File an original together with four copies and a copy for each additional charged party named in item 1 with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

### 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

| a. Name of Employer | b. Number of workers employed |
|---------------------|-------------------------------|
| Regal Health and Rehab | 60 |

| c. Address (Street, city, state, and ZIP code) | d. Employer Representative | e. Telephone No. |
|---|---|---|
| 9525 South Mayfield<br>Oak Lawn, IL, 60453 | Sandy Williams | ( ) - (708)636-7000<br>Fax No.<br>( ) - (708)422-3520 |

| f. Type of Establishment (factory, mine, wholesaler, etc.) | g. Identify principal product or service |
|---|---|
| Nursing Home | Providing acute care |

h. The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsections (1) and (list subsections) 3, 3 _____ of the National Labor Relations Act, and these unfair labor practices are practices affecting commerce within the meaning of the Act, or these unfair labor practices are unfair practices affecting commerce within the meaning of the Act and the Postal Reorganization Act.

2. Basis of the Charge (set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)

1. Between December 6, 2007 and January 8, 2008, the Employer through its agents and representatives unlawfully threatened all newly hired Licensed Practical Nurses (LPNs) with termination because of their union and/or protected activities.

2. On or about the week of December 24, 2007, the Employer through its agents and representatives unlawfully terminated its employee Lavern Harper because of her union and/or protected activities.

| 3. Full name of party filing charge (if labor organization, give full name, including local name and number) |
|---|
| Service Employees International Union Healthcare Illinois Local 4 |

| 4a. Address (Street and number, city, state, and ZIP code) | 4b. Telephone No. |
|---|---|
| 7026 W. North Ave.<br>Chicago, IL 60707 | ( ) - (773)-889-7348<br>Fax No.<br>( ) - (773)836-9623 |

5. Full name of national or international labor organization of which it is an affiliate or constituent unit (to be filled in when charge is filed by a labor organization) Service Employees International Union, CTW, CLC

### 6. DECLARATION

I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief.

By _____        Organizer
(signature of representative or person making charge)        (Print/type name and title or office, if any)

Address   7026 W. North Ave, Chicago, IL, 60707

(fax) ( ) - (708)836-9623
( ) - (708)267-5377        1/8/08 /
(Telephone No.)        (date)

**WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)**

PRIVACY ACT STATEMENT

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 et seq. The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information will cause the NLRB to decline to invoke its processes.

Exhibit C

FORM NLRB-501
(9-07)

FORM EXEMPT UNDER 44 U.S.C. 3512

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
CHARGE AGAINST EMPLOYER

AMENDED

**DO NOT WRITE IN THIS SPACE**

| Case | Date Filed |
|------|-----------|
| 13-CA-44482 | / /   2/25/08 |

**INSTRUCTIONS:**
File an original together with four copies and a copy for each additional charged party named in item 1 with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

## 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

| a. Name of Employer | b. Number of workers employed |
|---|---|
| Regal Health and Rehab Center | 60 |

| c. Address (Street, city, state, and ZIP code) | d. Employer Representative | e. Telephone No. |
|---|---|---|
| 9525 South Mayfield<br>Oak Lawn, IL 60453 | Sandy Williams | ( ) - (708) 636-7000<br>Fax No.<br>( ) - (708) 422-3520 |

| f. Type of Establishment (factory, mine, wholesaler, etc.) | g. Identify principal product or service |
|---|---|
| Nursing Home | Providing Acute Care |

h. The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsections (1) and (list subsections) (3) of the National Labor Relations Act, and these unfair labor practices are practices affecting commerce within the meaning of the Act, or these unfair labor practices are unfair practices affecting commerce within the meaning of the Act and the Postal Reorganization Act.

2. Basis of the Charge (set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)

On or about January 2, 2008 the above-named Employer terminated Lavern Harper in retaliation for her protected concerted activities.

In the middle of December 2007, the above-named Employer, through its agent Sandy Williams, changed conditions of employment in retaliation for employees' protected concerted activities by instructing LPNs to write up CNAs.

On or about December 20, 2007 the above-named Employer, through its agent Sandy Williams, changed conditions of employment in retaliation for employees' protected concerted activities by instructing LPNs to make the CNA room schedule.

| 3. Full name of party filing charge (if labor organization, give full name, including local name and number) |
|---|
| Service Employees International Union Healthcare Illinois Local 4 |

| 4a. Address (Street and number, city, state, and ZIP code) | 4b. Telephone No |
|---|---|
| 7026 W. North Ave.<br>Chicago, IL 60707 | ( ) - (773) 889-7348<br>Fax No.<br>( ) - (773) 836-9623 |

5. Full name of national or international labor organization of which it is an affiliate or constituent unit (to be filled in when charge is filed by a labor organization) Service Employees International Union, CTW, CLC

## 6. DECLARATION

I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief.

By _Margaret Maglucci_
(signature of representative or person making charge)

(Print/type name and title or office, if any)

Address  200 W. Jackson

(fax) ( ) - 263-1520
( ) - 263-1500
(Telephone No.)

2-22-08
(date)

**WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)**

PRIVACY ACT STATEMENT

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 et seq. The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information will cause the NLRB to decline to invoke its processes.

Exhibit D



# UNITED STATES OF AMERICA
## BEFORE THE NATIONAL LABOR RELATIONS BOARD
### REGION 13

**REGAL HEALTH AND REHAB CENTER,
INC.**

    **and**                     **Cases: 13-CA-44481
13-CA-44482**

**SERVICE EMPLOYEES INTERNATIONAL
UNION HEALTHCARE, LOCAL 4**

## ORDER CONSOLIDATING CASES, CONSOLIDATED COMPLAINT AND NOTICE OF HEARING

Service Employees International Union Healthcare, Local 4, herein called the Union, has charged in Case 13-CA-44481 and Case 13-CA-44482 that Regal Health and Rehab Center, Inc., herein called Respondent, has been engaging in unfair labor practices as set forth in the National Labor Relations Act, 29 U.S.C. Section 151 et seq.. Based thereon, and in order to avoid unnecessary costs or delay, the General Counsel, by the undersigned, pursuant to Section 10(b) of the Act and Section 102.33 of the Rules and Regulations of the National Labor Relations Board, ORDERS that these cases are consolidated.

These cases having been consolidated, the General Counsel, by the undersigned, pursuant to 10(b) of the Act and Section 102.15 of the Rules and Regulations of the Board, issues this Order Consolidating Cases, Consolidated Complaint and Notice of Hearing and alleges as follows:

I

(a)    The charge in Case 13-CA-44481 was filed by the Union on January 8, 2008, and a copy was served by regular mail on Respondent on January 9, 2008.

(b)    The first amended charge in Case 13-CA-44481 was filed by the Union on February 25, 2008, and a copy was served by regular mail on Respondent on February 26, 2008.

(c)    The charge in Case 13-CA-44482 was filed by the Union on January 8, 2008, and a copy was served by regular mail on Respondent on January 9, 2008.

(d)    The first amended charge in Case 13-CA-44482 was filed by the Union on February 25, 2008, and a copy was served by regular mail on Respondent on February 26, 2008.

Exhibit E

## II

(a)    At all material times, Respondent, an Illinois corporation, with an office and place of business in Oak Lawn, Illinois, herein called Respondent's facility, has been engaged in the business of providing skilled nursing care.

(b)    During the past calendar year, a representative period, Respondent, in conducting its business operations as described above in paragraph II(a), derived gross revenues in excess of $100,000.

(c)    During the past calendar year, a representative period, Respondent, in conducting its business operations as described above in paragraph II(a), purchased and received goods, products, materials and/or services valued in excess of $3,000 from other enterprises including public utilities located within the State of Illinois, each of which public utility had received the goods, products, materials and/or services directly from points outside the State of Illinois.

(d)    At all material times, Respondent has been an employer engaged in commerce within the meaning of Sections 2(2), (6), and (7) of the Act.

## III

At all material times, the Union has been a labor organization within the meaning of Section 2(5) of the Act.

## IV

At all material times the following individuals have held the positions set forth opposite their respective names and have been supervisors of Respondent within the meaning of Section 2(11) of the Act and/or agents of Respondent within the meaning of Section 2(13) of the Act:

|  |  |
|---|---|
| Michael Lerner | President |
| Dola Adewolu | Director of Nursing |
| Sandy Williams | Administrator |
| Rhonda White | Qaulity Assistant Nurse |
| Betty (Last Name Unknown) | Restorative Nurse |

## V

(a)    About November 2007 Respondent, by Dola Adewolu, at the Respondent's facility:

(i)    Threatened its employees with discharge for engaging in union activity.

(ii)    Promised its employees that they would receive a reward if the employees engaged in surveillance of employees engaged in concerted activities.

2

    (b)    About December 7, 2007 Respondent, by Dola Adewolu, at the Respondent's facility:

        (i)    Informed its employees that it would be futile for them to select the Union as their bargaining representative.

        (ii)    Threatened its employees with discharge for engaging in union activity.

    (c)    About December 11, 2007 Respondent, by Dola Adewolu, at the Respondent's facility:

        (i)    Created an impression among its employees that their union activities were under surveillance

        (ii)    Informed its employees that it would be futile for them to select the Union as their bargaining representative.

    (d)    About December 14, 2007 Respondent, by Dola Adewolu, at the Respondent's facility:

        (i)    Threatened employees with a lawsuit for engaging in union and/or protected concerted activities.

        (ii)    Created an impression among its employees that their union activities were under surveillance.

        (ii)    Interrogated employees about their union membership, activities and sympathies.

    (e)    About mid-December 2007 Respondent, by Dola Adewolu, at the Respondent's facility:

        (i)    Interrogated employees about their union membership, activities, and sympathies.

        (ii)    Threatened employees with discharge for engaging in union activity.

        (iii)    Informed employees that it would be futile for them to select the Union as their bargaining representative.

        (iv)    Threatened its employees with unspecified reprisals for engaging in union activity.

    (f)    About December 20, 2007 Respondent, by Dola Adewolu, at the Respondent's facility, interrogated employees about their union membership, activities, and sympathies.

    (g)    About December 27, 2007 Respondent, by Dola Adewolu, at the Respondent's facility:

        (i)    Threatened its employees with discharge for engaging in union activity.

        (ii)    Informed its employees that it would be futile for them to select the union as their bargaining representative.

(h)    About January 4, 2008 Respondent, by Dola Adewolu, at the Respondent's facility, threatened to blackball employees because they engaged in union activities.

## VI

(a)    About mid-December 2007 Respondent altered the working conditions of its employees by requiring that Licensed Practical Nurses issue disciplinary write ups to Certified Nursing Assistants.

(b)    About December 20, 2007 Respondent altered the working conditions of its employees by requiring that Licensed Practical Nurses make room assignments for Certified Nursing Assistants.

(c)    About January 2, 2008 Respondent discharged its employee Lavern Harper.

(d)    About January 3, 2008 Respondent discharged its employee Diane Rounds.

(e)    About January 7, 2008 Respondent discharged its employee Michael Thurmond.

(f)    Respondent engaged in the conduct described above in paragraphs VI(a)-(e) because the employees of Respondent formed, joined, and assisted the Union and engaged in concerted activities, and to discourage employees from engaging in these activities.

## VII

(a)  The following employees of Respondent, herein called the Unit, constitute a unit appropriate for the purposes of collective bargaining within the meaning of Section 9(b) of the Act:

> All full-time and regular part-time Licensed Practical Nurses (LPNs) employed by Respondent at its facility currently located at 9525 S. Mayfield, Oak Lawn, Illinois; but excluding all managerial employees, office clerical employees and guards, professional employees and supervisors as defined in the Act.

(b)  About November 18, 2007, a majority of the Unit designated and selected the Union as their representative for the purposes of collective bargaining with the Respondent.

(c)  At all times since November 18, 2007, based upon Section 9(a) of the Act, the Union has been the exclusive bargaining representative of the Unit.

(d)  The conduct described in paragraphs V and VI is so serious and substantial in character that the possibility of erasing the effects of these unfair labor practices and of conducting a fair election by the use of traditional remedies is slight, and the employees sentiments regarding representation, having been expressed through authorization cards

4

would, on balance, be protected better by issuance of a bargaining order than by traditional remedies alone.

## VIII

By the conduct described above in paragraph V, Respondent has been interfering with, restraining, and coercing employees in the exercise of the rights guaranteed in Section 7 of the Act in violation of Section 8(a)(1) and affecting commerce within the meaning of Section 2(6) and (7) of the Act.

## IX

By the conduct described above in paragraph VI, Respondent has been discriminating in regard to the hire or tenure or terms and conditions of employment of its employees, thereby discouraging membership in a labor organization in violation of Section 8(a)(1) and (3) and affecting commerce within the meaning of Section 2(6) and (7) of the Act.

WHEREFORE, as part of the remedy for the allegations in paragraph VI(c) – (e), General Counsel seeks compound interest computed on a quarterly basis for any monetary amounts owing to Lavern Harper, Diane Rounds, and Michael Thurmond.

## <u>ANSWER REQUIREMENT</u>

Respondent is notified that, pursuant to Sections 102.20 and 102.21 of the Board's Rules and Regulations, it must file an answer to the consolidated complaint. The answer must be <u>received by this office on or before March 27, 2008, or postmarked on or before March 26, 2008</u>. Respondent should file an original and four copies of the answer with this office and serve a copy of the answer on each of the other parties. An answer may also be filed electronically by using the E-Filing system on the Agency's website. In order to file an answer electronically, access the Agency's website at http://www.nlrb.gov, click on **E-Gov**, then click on the **E-Filing** link on the pull-down menu. Click on the "File Documents" button under "Regional, Subregional and Resident Offices" and then follow the directions. The responsibility for the receipt and usability of the answer rests exclusively upon the sender. A failure to timely file the answer will not be excused on the basis that the transmission could not be accomplished because the Agency's website was off-line or unavailable for some other reason. When an answer is filed electronically, an original and four paper copies must be sent to this office so that it is received no later than three business days after the date of electronic filing. Service of the answer on each of the other parties must still be accomplished by means allowed under the Board's Rules and Regulations. The answer may <u>not</u> be filed by facsimile transmission. If no answer is filed, the Board may find, pursuant to a Motion for Default Judgment, that the allegations in the consolidated complaint are true.

## NOTICE OF HEARING

PLEASE TAKE NOTICE THAT on **May 27, 2008, at 11:00 a.m.,** at **209 South LaSalle Street, Chicago, Illinois,** and on consecutive days thereafter until concluded, a hearing will be conducted before an administrative law judge of the National Labor Relations Board. At the hearing, Respondent and any other party to this proceeding have the right to appear and present testimony regarding the allegations in this consolidated complaint. The procedures to be followed at the hearing are described in the attached Form NLRB-4668. The procedure to request a postponement of the hearing is described in the attached Form NLRB-4338.

Dated at Chicago, Illinois, this **13th** day of **March, 2008.**

Joseph A. Barker, Regional Director
National Labor Relations Board
Region 13
209 South LaSalle Street, 9th Floor
Chicago, IL  60604

Attachments
\\REG_13\SYS2\R13COM\Complaints\CPT.13-CA-44481.Complaint.doc

6

FORM NLRB-4668
(4-05)

# SUMMARY OF STANDARD PROCEDURES IN FORMAL HEARINGS HELD BEFORE THE NATIONAL LABOR RELATIONS BOARD IN UNFAIR LABOR PRACTICE PROCEEDINGS PURSUANT TO SECTION 10 OF THE NATIONAL LABOR RELATIONS ACT

The hearing will be conducted by an administrative law judge of the National Labor Relations Board who will preside at the hearing as an independent, impartial finder of the facts and applicable law whose decision in due time will be served on the parties. The offices of the administrative law judges are located in Washington, DC; San Francisco, California; New York, N.Y.; and Atlanta, Georgia.

At the date, hour, and place for which the hearing is set, the administrative law judge, upon the joint request of the parties, will conduct a "prehearing" conference, prior to or shortly after the opening of the hearing, to ensure that the issues are sharp and clearcut; or the administrative law judge may independently conduct such a conference. The administrative law judge will preside at such conference, but may, if the occasion arises, permit the parties to engage in private discussions. The conference will not necessarily be recorded, but it may well be that the labors of the conference will be evinced in the ultimate record, for example, in the form of statements of position, stipulations, and concessions. Except under unusual circumstances, the administrative law judge conducting the prehearing conference will be the one who will conduct the hearing; and it is expected that the formal hearing will commence or be resumed immediately upon completion of the prehearing conference. No prejudice will result to any party unwilling to participate in or make stipulations or concessions during any prehearing conference.

*(This is not to be construed as preventing the parties from meeting earlier for similar purposes. To the contrary, the parties are encouraged to meet prior to the time set for hearing in an effort to narrow the issues.)*

Parties may be represented by an attorney or other representative and present evidence relevant to the issues. All parties appearing before this hearing who have or whose witnesses have handicaps falling within the provisions of Section 504 of the Rehabilitation Act of 1973, as amended, and 29 C.F.R. 100.603, and who in order to participate in this hearing need appropriate auxiliary aids, as defined in 29 C.F.R. 100.603, should notify the Regional Director as soon as possible and request the necessary assistance.

An official reporter will make the only official transcript of the proceedings, and all citations in briefs and arguments must refer to the official record. The Board will not certify any transcript other than the official transcript for use in any court litigation. Proposed corrections of the transcript should be submitted, either by way of stipulation or motion, to the administrative law judge for approval.

All matter that is spoken in the hearing room while the hearing is in session will be recorded by the official reporter unless the administrative law judge specifically directs off-the-record discussion. In the event that any party wishes to make off-the-record statements, a request to go off the record should be directed to the administrative law judge and not to the official reporter.

Statements of reasons in support of motions and objections should be specific and concise. The administrative law judge will allow an automatic exception to all adverse rulings and, upon appropriate order, an objection and exception will be permitted to stand to an entire line of questioning.

All exhibits offered in evidence shall be in duplicate. Copies of exhibits should be supplied to the administrative law judge and other parties at the time the exhibits are offered in evidence. If a copy of any exhibit is not available at the time the original is received, it will be the responsibility of the party offering such exhibit to submit the copy to the administrative law judge before the close of hearing. In the event such copy is not submitted, and the filing has not been waived by the administrative law judge, any ruling receiving the exhibit may be rescinded and the exhibit rejected.

Any party shall be entitled, on request, to a reasonable period of time at the close of the hearing for oral argument, which shall be included in the transcript of the hearing. In the absence of a request, the administrative law judge may ask for oral argument if, at the close of the hearing, it is believed that such argument would be beneficial to the understanding of the contentions of the parties and the factual issues involved.

(OVER)

FORM NLRB-4338
(6-90)

UNITED STATES GOVERNMENT
**NATIONAL LABOR RELATIONS BOARD**
**NOTICE**

Cases: 13-CA-44481
13-CA-44482

The issuance of the notice of formal hearing in this case does not mean that the matter cannot be disposed of by agreement of the parties. On the contrary, it is the policy of this office to encourage voluntary adjustments. The examiner or attorney assigned to the case will be pleased to receive and to act promptly upon your suggestions or comments to this end. An agreement between the parties, approved by the Regional Director, would serve to cancel the hearing.

However, unless otherwise specifically ordered, the hearing will be held at the date, hour, and place indicated. Postponements **will not be granted** unless good and sufficient grounds are shown **and** the following requirements are met:

( 1 ) The request must be in writing. An original and two copies must be filed with the Regional Director when appropriate under 29 CFR 102.16(a) or with the Division of Judges when appropriate under 29 CFR 102.16(b).

(2)  Grounds must be set forth in **detail**;

(3)  Alternative dates for any rescheduled hearing must be given;

(4)  The positions of all other parties must be ascertained in advance by the requesting party and set forth in the request; **and**

(5)  Copies must be simultaneously served on all other parties (listed below), and that fact must be noted on the request.

Except under the most extreme conditions, no request for postponement will be granted during the three days immediateley preceding the date of hearing.

Regal Health Care and Rehab Center, Inc.
9525 S. Mayfield Avenue
Oak Lawn, IL 60453
Attn:  Sandy Williams

Gem Heathcare
3553 W. Peterson Avenue - #101
Chicago, IL 60659
Attn:  Michael Lerner

Service Employees International Union
Healthcare, Local 4
7026 W. North Avenue
Chicago, IL 60707
Attn: Thomas M. Zablocki, Organizer

Asher, Gittler, Greenfield &D'Alba, Ltd.
200 W. Jackson Boulevard - Suite 1900
Chicago, IL 60606
Attn: Margaret Angelucci, Esq.

FORM NLRB-501
(11-84)

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
**CHARGE AGAINST EMPLOYER**

FORM EXEMPT UNDER 44 U.S.C. 3512

| DO NOT WRITE IN THIS SPACE | |
|---|---|
| Case 13-CA-44619 | Date Filed 3/27/08 |

**INSTRUCTIONS:**
File an original and 4 copies of this charge with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

## 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

| | |
|---|---|
| a. Name of Employer<br>Regal Health and Rehab Center | b. Number of Workers Employed<br>60 |

| c. Address (street, city, State, ZIP Code)<br>9525 South Mayfield,<br>Oak Lawn, IL 60453 | d. Employer Representative<br>Sandy Williams | e. Telephone No.<br>708-636-7000<br>Fax No.<br>708-422-3520 |
|---|---|---|

| f. Type of Establishment (factory, mine, wholesaler, etc.)<br>Nursing Home | g. Identify Principal Product or Service<br>Providing Acute Care |
|---|---|

h. The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of Section 8(a), subsections (1) and (list subsections) __(3)__ of the National Labor Relations Act, and these unfair labor practices are unfair practices affecting commerce within the meaning of the Act.

2. Basis of the Charge (set forth a clear and concise statement of the facts constituting the alleged unfair labor practices.)

    See attached.

By the above and other acts, the above-named employer has interfered with, restrained, and coerced employees in the exercise of the rights guaranteed in Section 7 of the Act.

3. Full name of party filing charge (if labor organization, give full name, including local name and number)
Service Employees International Union Healthcare Illinois Local 4

| 4a. Address (street and number, city, State, and ZIP Code)<br>7026 West North Avenue<br>Chicago, IL 60707 | 4b. Telephone No.<br>773-889-7348<br>Fax No.<br>773-836-9623 |
|---|---|

5. Full name of national or international labor organization of which it is an affiliate or constituent unit (to be filled in when charge is filed by a labor organization)
Service Employees International Union, CTW, CLC

## 6. DECLARATION

I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief.

By _Margaret Angelucci_
(Signature of representative or person making charge)

_Attorney_
(Title, if any)

Address 200 West Jackson Blvd., Ste. 1900
Chicago, IL 60606

Fax No. 312-263-1520
312-263-1500
(Telephone No.)

Date 3-27-08

**WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)**

Exhibit F

On or about March 27, 2008, the above named Employer terminated Kalea Williams in retaliation for her protected concerted activities.

On or about March 13, 2008, the above named Employer, through its agent Sandy Williams, changed conditions of employment in retaliation for employees' protected concerted activities by changing LPNs work hours.

FORM NLRB-501
(11-94)

FORM EXEMPT UNDER 44 U.S.C. 3512

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD

Amended  **CHARGE AGAINST EMPLOYER**

| DO NOT WRITE IN THIS SPACE | |
|---|---|
| Case 13-CA-44619 | Date Filed 3/28/08 |

**INSTRUCTIONS:**
File an original and 4 copies of this charge with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

## 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

| | |
|---|---|
| a. Name of Employer<br>Regal Health and Rehab Center | b. Number of Workers Employed<br>60 |

| | | |
|---|---|---|
| c. Address (street, city, State, ZIP Code)<br>9525 South Mayfield,<br>Oak Lawn, IL 60453 | d. Employer Representative<br>Sandy Williams | e. Telephone No.<br>708-636-7000<br>Fax No.<br>708-422-3520 |

| | |
|---|---|
| f. Type of Establishment (factory, mine, wholesaler, etc.)<br>Nursing Home | g. Identify Principal Product or Service<br>Providing Acute Care |

h. The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of Section 8(a), subsections (1) and (list subsections)  (3)  of the National Labor Relations Act, and these unfair labor practices are unfair practices affecting commerce within the meaning of the Act.

2. Basis of the Charge (set forth a clear and concise statement of the facts constituting the alleged unfair labor practices.)

See attached.

By the above and other acts, the above-named employer has interfered with, restrained, and coerced employees in the exercise of the rights guaranteed in Section 7 of the Act.

3. Full name of party filing charge (if labor organization, give full name, including local name and number)
Service Employees International Union Healthcare Illinois Local 4

| | |
|---|---|
| 4a. Address (street and number, city, State, and ZIP Code)<br>7026 West North Avenue<br>Chicago, IL 60707 | 4b. Telephone No.<br>773-889-7348<br>Fax No.<br>773-836-9623 |

5. Full name of national or international labor organization of which it is an affiliate or constituent unit (to be filled in when charge is filed by a labor organization)
Service Employees International Union, CTW, CLC

## 6. DECLARATION

I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief.

| | | |
|---|---|---|
| By _Margaret Angelucci_<br>(Signature of representative or person making charge) | _Attorney_<br>(Title, if any) | |
| Address 200 West Jackson Blvd., Ste. 1900<br>Chicago, IL 60606 | Fax No. 312-263-1520<br>312-263-1500<br>(Telephone No.) | 3-28-08<br>Date |

**WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)**

On or about March 26, 2008, the above named Employer terminated Derrick Hawkins in retaliation for his protected concerted activities.

On or about March 27, 2008, the above named Employer terminated Kalea Williams in retaliation for her protected concerted activities.

On or about March 13, 2008, the above named Employer, through its agent Sandy Williams, changed conditions of employment in retaliation for employees' protected concerted activities by changing LPNs work hours.

On or about March 20, 2008, the above named Employer, through its agent Sandy Williams, changed conditions of employment in retaliation for employees' protected concerted activities by changing LPNs shifts and schedules.

FORM NLRB-501
(0-07)

FORM EXEMPT UNDER 44 U.S.C 3512

**UNITED STATES OF AMERICA**
**NATIONAL LABOR RELATIONS BOARD**
*Second Amended* **CHARGE AGAINST EMPLOYER**

| DO NOT WRITE IN THIS SPACE | |
|---|---|
| Case 13-CA-44619 | Date Filed 5/5/08 |

**INSTRUCTIONS:**
File an original together with four copies and a copy for each additional charged party named in item 1 with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

## 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

| a. Name of Employer | b. Number of workers employed |
|---|---|
| Regal Health and Rehab Center | 60 |

| c. Address (Street, city, state, and ZIP code) | d. Employer Representative | e. Telephone No. ( ) - (708) 636-7000 |
|---|---|---|
| 9525 South Mayfield Oak Lawn, IL 60453 | Sandy Williams | Fax No. ( ) - (708) 422-3520 |

| f. Type of Establishment (factory, mine, wholesaler, etc.) . | g. Identify principal product or service |
|---|---|
| Nursing Home | Providing Acute Care |

h. The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsections (1) and (list subsections) **(3)** _____ of the National Labor Relations Act, and these unfair labor practices are practices affecting commerce within the meaning of the Act, or these unfair labor practices are unfair labor practices affecting commerce within the meaning of the Act and the Postal Reorganization Act.

**2. Basis of the Charge** (set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)

On or about January 2008, the above named Employer, by its agent Dola Adewolu, informed employees that it would be futile for them to select the Union as their bargaining representative.

On or about January 2008 the above named Employer, by its agent Dola Adewolu, instructed employees not to discuss the Union.

On or about March 26, 2008, the above named Employer, by its agent Derrick Hawkins, threatened employees with termination in retaliation for their Union and/or protected concerted activities.

On or about March 27, 2008, the above named Employer terminated Kalea Williams in retaliation for her Union and/or protected concerted activities.

| 3. Full name of party filing charge (if labor organization, give full name, including local name and number) |
|---|
| Service Employees International Union, Local 4 |

| 4a. Address (Street and number, city, state, and ZIP code) | 4b. Telephone No. ( ) - (773) 689-7348 |
|---|---|
| 7026 West North Avenue Chicago, IL 60707 | Fax No. ( ) - (773) 836-9623 |

5. Full name of national or international labor organization of which it is an affiliate or constituent unit (to be filled in when charge is filed by a labor organization)

Service Employees International Union, CTW, CLC

## 6. DECLARATION

I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief.

By _Margaret Angellica_
(signature of representative or person making charge)

_Attorney_
(Print/type name and title or office, if any)

Address _200 W. Jackson, Ste 1900_ _Chicago, IL 60606_
(Telephone No.)

5-02-08

**WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)**

**PRIVACY ACT STATEMENT**
Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 et seq. The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information will cause the NLRB to decline to invoke its processes.

Exhibit H

FOR
FORMAL FILE

## UNITED STATES OF AMERICA
### BEFORE THE NATIONAL LABOR RELATIONS BOARD
### REGION 13

**REGAL HEALTH AND REHAB CENTER, INC.**

**and**                                          **Cases: 13-CA-44481**
                                                             **13-CA-44482**
                                                             **13-CA-44619**

**SERVICE EMPLOYEES INTERNATIONAL UNION HEALTHCARE, LOCAL 4**

### SECOND ORDER CONSOLIDATING CASES, CONSOLIDATED COMPLAINT AND NOTICE OF HEARING

Service Employees International Union Healthcare, Local 4, herein called the Union, has charged in Case 13-CA-44619 that Regal Health and Rehab Center, Inc., herein called Respondent, has been engaging in unfair labor practices as set forth in the National Labor Relations Act, 29 U.S.C. Section 151 et seq., and a Consolidated Complaint and Notice of Hearing has already been issued in Case 13-CA-44481 and Case 13-CA-44482. Based thereon, and in order to avoid unnecessary costs or delay, the General Counsel, by the undersigned, pursuant to Section 102.33 of the Rules and Regulations of the National Labor Relations Board, ORDERS that these cases be, and hereby are, consolidated.

These cases having been consolidated, the General Counsel, by the undersigned, pursuant to 10(b) of the Act and Section 102.17 of the Rules and Regulations of the National Labor Relations Board, issues this Second Order Consolidating Cases, Amended Consolidated Complaint and Notice of Hearing and alleges as follows:

I

(a)     The charge in Case 13-CA-44481 was filed by the Union on January 8, 2008, and a copy was served by regular mail on Respondent on January 9, 2008.

(b)     The first amended charge in Case 13-CA-44481 was filed by the Union on February 25, 2008, and a copy was served by regular mail on Respondent on February 26, 2008.

(c)     The charge in Case 13-CA-44482 was filed by the Union on January 8, 2008, and a copy was served by regular mail on Respondent on January 9, 2008.

(d)     The first amended charge in Case 13-CA-44482 was filed by the Union on February 25, 2008, and a copy was served by regular mail on Respondent on February 26, 2008.

(e)     The charge in Case 13-CA-44619 was filed by the Union on March 27, 2008, and a copy was served by regular mail on Respondent on March 27, 2008.

(f)     The first amended charge in Case 13-CA-44619 was filed by the Union on

Exhibit I

March 28, 2008, and a copy was served by regular mail on Respondent on March 28, 2008.

(g)    The second amended charge in Case 13-CA-44619 was filed by the Union on May 5, 2008, and a copy was served by regular mail on Respondent on May 5, 2008.

## II

(a)    At all material times, Respondent, an Illinois corporation, with an office and place of business in Oak Lawn, Illinois, herein called Respondent's facility, has been engaged in the business of providing skilled nursing care.

(b)    During the past calendar year, a representative period, Respondent, in conducting its business operations at the facilities described above in paragraph II(a), derived gross revenues in excess of $100,000.

(c)    During the past calendar year, a representative period, Respondent, in conducting its business operations at the facilities described above in paragraph II(a), purchased and received goods, products, materials and/or services valued in excess of $3,000 from other enterprises including public utilities located within the State of Illinois, each of which public utility had received the goods, products, materials and/or services directly from points outside the State of Illinois.

(d)    At all material times, Respondent has been an employer engaged in commerce within the meaning of Sections 2(2), (6), and (7) of the Act.

## III

At all material times, the Union has been a labor organization within the meaning of Section 2(5) of the Act.

## IV

At all material times the following individuals have held the positions set forth opposite their respective names and have been supervisors of Respondent within the meaning of Section 2(11) of the Act and/or agents of Respondent within the meaning of Section 2(13) of the Act:

| | |
|---|---|
| Michael Lerner | President |
| Durodola Adewolu | Director of Nursing |
| Sandy Williams | Administrator |
| Deborah Kipp | Director of Operations |
| Rhonda White | Quality Assurance Nurse |
| Betty Arnold | MDS Coordinator |
| Derrick Hawkins | Food Services Supervisor |

## V

(a)    About November 2007 Respondent, by Durodola Adewolu, at the Respondent's facility:

2

     (i)     Threatened its employees with discharge for engaging in union activity.

     (ii)    Promised its employees that they would receive a reward if the employees engaged in surveillance of employees engaged in concerted activities.

(b)    About December 7, 2007 Respondent, by Durodola Adewolu, at the Respondent's facility:

     (i)     Informed its employees that it would be futile for them to select the Union as their bargaining representative.

     (ii)    Threatened its employees with discharge for engaging in union activity.

(c)    About December 11, 2007 Respondent, by Durodola Adewolu, at the Respondent's facility:

     (i)     Created an impression among its employees that their union activities were under surveillance

     (ii)    Informed its employees that it would be futile for them to select the Union as their bargaining representative.

(d)    About December 14, 2007 Respondent, by Durodola Adewolu, at the Respondent's facility:

     (i)     Threatened employees with a lawsuit for engaging in union and/or protected concerted activities.

     (ii)    Created an impression among its employees that their union activities were under surveillance.

     (ii)    Interrogated employees about their union membership, activities and sympathies.

(e)    About mid-December 2007 Respondent, by Durodola Adewolu, at the Respondent's facility:

     (i)     Interrogated employees about their union membership, activities, and sympathies.

     (ii)    Threatened its employees with discharge for engaging in union activity.

     (iii)   Informed employees that it would be futile for them to select the Union as their bargaining representative.

     (iv)   Threatened its employees with unspecified reprisals for engaging in union activity.

(f)    About December 20, 2007 Respondent, by Durodola Adewolu, at the Respondent's facility, interrogated employees about their union membership, activities, and sympathies.

(g)    About December 27, 2007 Respondent, by Durodola Adewolu, at the Respondent's facility:

     (i)     Threatened its employees with discharge for engaging in union activity.

     (ii)    Informed its employees that it would be futile for them to select the union as their bargaining representative.

(h)    About January 4, 2008 Respondent, by Durodola Adewolu, at the

Respondent's facility, threatened to blackball employees because they engaged in union activities.

    (i)    About January 2008 Respondent, by Durodola Adewolu, at the Respondent's facility:

        (i)    Informed employees that it would be futile for them to select the Union as their bargaining representative.

        (ii)    Instructed its employees that they could not engage in Union activity.

    (j)    About March 26, 2008, Respondent by Derrick Hawkins, at the Respondent's facility, threatened its employees with discharge for engaging in union activity.

## VI

    (a)    About mid-December 2007 Respondent altered the working conditions of its employees by requiring that Licensed Practical Nurses issue disciplinary write ups to Certified Nursing Assistants.

    (b)    About December 20, 2007 Respondent altered the working conditions of its employees by requiring that Licensed Practical Nurses make room assignments for Certified Nursing Assistants.

    (c)    About January 2, 2008 Respondent discharged its employee Lavern Harper.

    (d)    About January 3, 008 Respondent discharged its employee Diane Rounds.

    (e)    About January 7, 2008 Respondent discharged its employees Michael Thurmond.

    (f)    About March 20, 2008 Respondent issued a disciplinary write up to its employee Kalea Williams.

    (g)    About March 27, 2008 Respondent discharged its employee Kalea Williams.

    (h)    Respondent engaged in the conduct described above in paragraphs VI(a)-(g) because the employees of Respondent formed, joined, and assisted the Union and engaged in concerted activities, and to discourage employees from engaging in these activities.

## VII

    (a)  The following employees of Respondent, herein called the Unit, constitute a unit appropriate for the purposes of collective bargaining within the meaning of Section 9(b) of the Act:

> All full-time and regular part-time Licensed Practical Nurses (LPNs) employed by Respondent at its facility currently located at 9525 S. Mayfield, Oak Lawn, IL 60453; but excluding all managerial employees, office clerical employees and guards, professional employees and supervisors as defined in the Act.

    (b)  About November 18, 2007, a majority of the Unit designated and selected the

Union as their representative for the purposes of collective bargaining with the Respondent.

(c) At all times since November 18, 2007, based upon Section 9(a) of the Act, the Union has been the exclusive bargaining representative of the Unit.

(d) The conduct described in paragraphs V and VI is so serious and substantial in character that the possibility of erasing the effects of these unfair labor practices and of conducting a fair election by the use of traditional remedies is slight, and the employees sentiments regarding representation, having been expressed through authorization cards would, on balance, be protected better by issuance of a bargaining order than by traditional remedies alone.

VIII

By the conduct described above in paragraph V, Respondent has been interfering with, restraining, and coercing employees in the exercise of the rights guaranteed in Section 7 of the Act in violation of Section 8(a)(1) and affecting commerce within the meaning of Section 2(6) and (7) of the Act.

IX

By the conduct described above in paragraph VI, Respondent has been discriminating in regard to the hire or tenure or terms and conditions of employment of its employees, thereby discouraging membership in a labor organization in violation of Section 8(a)(1) and (3) and affecting commerce within the meaning of Section 2(6) and (7) of the Act.

WHEREFORE, as part of the remedy for the allegations in paragraph VI(c) – (h), General Counsel seeks compound interest computed on a quarterly basis for any monetary amounts owing to Lavern Harper, Diane Rounds, Michael Thurmond, and Kalea Williams.

**ANSWER REQUIREMENT**

Respondent is notified that, pursuant to Sections 102.20 and 102.21 of the Board's Rules and Regulations, it must file an answer to the amended consolidated complaint. The answer must be **received by this office on or before May 19, 2008, or postmarked on or before May 16, 2008**. Respondent should file an original and four copies of the answer with this office and serve a copy of the answer on each of the other parties. An answer may also be filed electronically by using the E-Filing system on the Agency's website. In order to file an answer electronically, access the Agency's website at http://www.nlrb.gov, click on **E-Gov**, then click on the **E-Filing** link on the pull-down menu. Click on the "File Documents" button under "Regional, Subregional and Resident Offices" and then follow the directions. The responsibility for the receipt and usability of the answer rests exclusively upon the sender. A failure to timely file the answer will not be excused on the basis that the transmission could not be accomplished because the Agency's website was off-line or unavailable for some other reason. When an answer is filed electronically, an original and four paper copies must be sent to this office so that it

5

is received no later than three business days after the date of electronic filing. Service of the answer on each of the other parties must still be accomplished by means allowed under the Board's Rules and Regulations. The answer may not be filed by facsimile transmission. If no answer is filed, the Board may find, pursuant to a Motion for Default Judgment, that the previously unanswered allegations in the amended consolidated complaint are true.

## NOTICE OF HEARING

PLEASE TAKE NOTICE THAT on **Tuesday, May 27, 2008, 11:00 a.m.** at **209 South LaSalle Street, Chicago, Illinois**, and on consecutive days thereafter until concluded, a hearing will be conducted before an administrative law judge of the National Labor Relations Board. At the hearing, Respondent and any other party to this proceeding have the right to appear and present testimony regarding the allegations in this amended consolidated complaint. The procedures to be followed at the hearing are described in the attached Form NLRB-4668. The procedure to request a postponement of the hearing is described in the attached Form NLRB-4338.

Dated at Chicago, Illinois, this 5th day of May, 2008.

Joseph A. Barker, Regional Director
National Labor Relations Board
Region 13
209 South LaSalle Street, 9th Floor
Chicago, IL 60604

Attachments

\\REG_13T\SYS2\R13COM\Litigation Holds\13-CA-44481\CPT.13-CA-44481.Consolidated Complaint.doc

# SUMMARY OF STANDARD PROCEDURES IN FORMAL HEARINGS HELD BEFORE THE NATIONAL LABOR RELATIONS BOARD IN UNFAIR LABOR PRACTICE PROCEEDINGS PURSUANT TO SECTION 10 OF THE NATIONAL LABOR RELATIONS ACT

The hearing will be conducted by an administrative law judge of the National Labor Relations Board who will preside at the hearing as an independent, impartial finder of the facts and applicable law whose decision in due time will be served on the parties. The offices of the administrative law judges are located in Washington, DC; San Francisco, California; New York, N.Y.; and Atlanta, Georgia.

At the date, hour, and place for which the hearing is set, the administrative law judge, upon the joint request of the parties, will conduct a "prehearing" conference, prior to or shortly after the opening of the hearing, to ensure that the issues are sharp and clearcut; or the administrative law judge may independently conduct such a conference. The administrative law judge will preside at such conference, but may, if the occasion arises, permit the parties to engage in private discussions. The conference will not necessarily be recorded, but it may well be that the labors of the conference will be evinced in the ultimate record, for example, in the form of statements of position, stipulations, and concessions. Except under unusual circumstances, the administrative law judge conducting the prehearing conference will be the one who will conduct the hearing; and it is expected that the formal hearing will commence or be resumed immediately upon completion of the prehearing conference. No prejudice will result to any party unwilling to participate in or make stipulations or concessions during any prehearing conference.

*(This is not to be construed as preventing the parties from meeting earlier for similar purposes. To the contrary, the parties are encouraged to meet prior to the time set for hearing in an effort to narrow the issues.)*

Parties may be represented by an attorney or other representative and present evidence relevant to the issues. All parties appearing before this hearing who have or whose witnesses have handicaps falling within the provisions of Section 504 of the Rehabilitation Act of 1973, as amended, and 29 C.F.R. 100.603, and who in order to participate in this hearing need appropriate auxiliary aids, as defined in 29 C.F.R. 100.603, should notify the Regional Director as soon as possible and request the necessary assistance.

An official reporter will make the only official transcript of the proceedings, and all citations in briefs and arguments must refer to the official record. The Board will not certify any transcript other than the official transcript for use in any court litigation. Proposed corrections of the transcript should be submitted, either by way of stipulation or motion, to the administrative law judge for approval.

All matter that is spoken in the hearing room while the hearing is in session will be recorded by the official reporter unless the administrative law judge specifically directs off-the-record discussion. In the event that any party wishes to make off-the-record statements, a request to go off the record should be directed to the administrative law judge and not to the official reporter.

Statements of reasons in support of motions and objections should be specific and concise. The administrative law judge will allow an automatic exception to all adverse rulings and, upon appropriate order, an objection and exception will be permitted to stand to an entire line of questioning.

All exhibits offered in evidence shall be in duplicate. Copies of exhibits should be supplied to the administrative law judge and other parties at the time the exhibits are offered in evidence. If a copy of any exhibit is not available at the time the original is received, it will be the responsibility of the party offering such exhibit to submit the copy to the administrative law judge before the close of hearing. In the event such copy is not submitted, and the filing has not been waived by the administrative law judge, any ruling receiving the exhibit may be rescinded and the exhibit rejected.

Any party shall be entitled, on request, to a reasonable period of time at the close of the hearing for oral argument, which shall be included in the transcript of the hearing. In the absence of a request, the administrative law judge may ask for oral argument if, at the close of the hearing, it is believed that such argument would be beneficial to the understanding of the contentions of the parties and the factual issues involved.

Form NLRB-4668 (4-05)

In the discretion of the administrative law judge, any party may, on request made before the close of the hearing, file a brief or proposed findings and conclusions, or both, with the administrative law judge who will fix the time for such filing. Any such filing submitted shall be double-spaced on 8½ by 11 inch paper.

Attention of the parties is called to the following requirements laid down in Section 102.42 of the Board's Rules and Regulations, with respect to the procedure to be followed before the proceeding is transferred to the Board:

No request for an extension of time within which to submit briefs or proposed findings to the administrative law judge will be considered unless received by the Chief Administrative Law Judge in Washington, DC (or, in cases under the branch offices in San Francisco, California; New York, New York; and Atlanta, Georgia, the Associate Chief Administrative Law Judge) at least 3 days prior to the expiration of time fixed for the submission of such documents. Notice of request for such extension of time must be served simultaneously on all other parties, and proof of such service furnished to the Chief Administrative Law Judge or the Associate Chief Administrative Law Judge, as the case may be. A quicker response is assured if the moving party secures the positions of the other parties and includes such in the request. All briefs or proposed findings filed with the administrative law judge must be submitted in triplicate, and may be printed or otherwise legibly duplicated with service on the other parties.

In due course the administrative law judge will prepare and file with the Board a decision in this proceeding, and will cause a copy thereof to be served on each of the parties. Upon filing of this decision, the Board will enter an order transferring this case to itself, and will serve copies of that order, setting forth the date of such transfer, on all parties. At that point, the administrative law judge's official connection with the case will cease.

The procedure to be followed before the Board from that point forward, with respect to the filing of exceptions to the administrative law judge's decision, the submission of supporting briefs, requests for oral argument before the Board, and related matters, is set forth in the Board's Rules and Regulations, particularly in Section 102.46 and following sections. A summary of the more pertinent of these provisions will be served on the parties together with the order transferring the case to the Board.

Adjustments or settlements consistent with the policies of the National Labor Relations Act reduce government expenditures and promote amity in labor relations. If adjustment appears possible, the administrative law judge may suggest discussions between the parties or, on request, will afford reasonable opportunity during the hearing for such discussions.

# UNITED STATES GOVERNMENT
## NATIONAL LABOR RELATIONS BOARD
### REGION 13

## NOTICE  13-CA-44481, 13-CA-44482, 13-CA-44619

The issuance of the notice of formal hearing in this case does not mean that the matter cannot be disposed of by agreement of the parties. On the contrary, it is the policy of this office to encourage voluntary adjustments. The examiner or attorney assigned to the case will be pleased to receive and to act promptly upon your suggestions or comments to this end. An agreement between the parties, approved by the Regional Director, would serve to cancel the hearing.

However, unless otherwise specifically ordered, the hearing will be held at the date, hour, and place indicated. Postponements **will not be granted** unless good and sufficient grounds are shown **and** the following requirements are met:

(1)    The request must be in writing. An original and two copies must be filed with the Regional Director when appropriate under 29 CFR 102.16(a) or with the Division of Judges when appropriate under 29 CFR 102.16(a).

(2)    Grounds must be set forth in **detail;**

(3)    Alternative dates for any rescheduled hearing must be given;

(4)    The positions of all other parties must be ascertained by the requesting party and set forth in the request; **and**

(5)    Copies must be simultaneously served on all other parties (listed below), and that fact must be noted on the request.

Except under the most extreme conditions, no request for postponement will be granted during the three days immediately preceding the date of hearing.

Ms. Sandy Williams
Regal Health and Rehab Center, Inc.
9525 S. Mayfield Avenue
Oak Lawn, IL 60453

Mr. Peter Andjelkovich, Esq.
Peter Andjelkovich & Associates
39 S. LaSalle St., Suite 200
Chicago, IL 60603

Michael Lerner
Gem Healthcare
3553 W. Peterson Ave. #101
Chicago, IL 60659

Mr. Thomas M. Zablocki, Organizer
Service Employees International
Union Healthcare, Local 4
7026 W. North Avenue
Chicago, IL 60707

Margaret Angelucci, Attorney
Asher, Gittler, Greenfield, Cohen & D'Alba Ltd.
200 W. Jackson St., Suite 1900
Chicago, IL 60606